UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

28

Dorothy Marie Doniver-Oates

Plaintiff,

v.

Ford Motor Company, WHQ

Defendant(s).

Case:5:11-cv-11434
Judge: O'Meara, John Corbett
MJ: Randon, Mark A.
Filed: 04-05-2011 At 01:21 PM
CMP DONIVER-OATES VS FORD MOTOR CO (LH)

## COMPLAINT AND MOTION FOR OTHER RELIEF

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964 (as amended by the Equal Employment Opportunity Act of 1972) for employment discrimination. Jurisdiction is specifically conferred on this Court under 42 U.S.C. § 2000e-5. Equitable and other relief are also sought under 42 U.S.C. § 20003-5(g).

2. Plaintiff resides at the address at the bottom of this form.

3. Defendant's address is:
16800 Executive Plaza Drive Dearborn, MI 48126
STREET ADDRESS CITY STATE ZIP

4. The address where the alleged discrimination occurred (the address where you were employed or sought employment):
10300 Textile Rd. Ypsilanti, MI 48197
STREET ADDRESS CITY STATE ZIP

5. The alleged discriminatory acts occurred:
September 2, 2008 January 30, 2009
FROM (DATE) TO (DATE)

6. Charges were filed with the Michigan Civil Rights Commission regarding defendant's alleged discriminatory conduct:
N +
DAY/MONTH/YEAR (IF YOU DID NOT FILE WITH THIS AGENCY, LEAVE THIS LINE BLANK)

7. Charges were filed with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct:
October 26, 2009
DAY/MONTH/YEAR (IF YOU DID NOT FILE WITH THIS AGENCY, LEAVE THIS LINE BLANK)

The Final Determination/Notice of Right to Sue letter from the Equal Employment Opportunity Commission was received on (date) JANUARY 6, 2011.

I ☒ **have** ☐ **have not** filed this complaint within the 90 day period as required by 42 USC Section 2000e-5.

9. The acts complained about in this suit concern:

A. ☐ Failure to employ you B. ☒ Termination of employment

C. ☐ Failure to promote you D. ☐ Other acts, explained below:

Unlawful violation of my civil rights, and age discrimination when they selected me for wrongful discharge - based on untruthful information on my 2008 Performance Review.

10. Defendant's conduct is discriminatory based upon:

A. ☐ race B. ☐ color C. ☐ gender D. ☒ age E. ☐ National origin

F. ☒ ADA-defined disability/other: relatiation

11. *A copy of my charge to the Equal Employment Opportunity Commission is attached to this Complaint and is submitted as a brief statement of the facts of this claim.*

*If relief is not granted, I will be irreparably denied rights secured by Title VII of the Civil Rights Act of 1964 and/or the Elliot-Larsen Civil Rights Act.*

*I therefore pray that the Court grant such relief as may be appropriate, including injunctive orders, damages, costs and attorney fees.*

Dorothy M. [illegible]
SIGNATURE OF PLAINTIFF

2486 Somerset Blvd. #102
STREET ADDRESS

Troy, MI 48084
CITY, STATE, ZIP

248-792-9418
TELEPHONE NUMBER

4/5/2011
DATE



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Detroit Field Office**

477 Michigan Avenue, Room 865
Detroit, MI 48226
(313) 226-4600
TTY (313) 226-7599
FAX (313) 226-2778

Dorothy Doniver-Oates
15871 Fielding Street
Detroit, MI 48219

**Re: Dorothy Doniver-Oates v. Ford Motor Company**
**Charge No.: 471-2010-00229**

Dear Ms. Oates:

This is to inform you that the Commission has made the determination that it will not proceed further with the processing of the above referenced charge under the Age Discrimination in Employment Act (ADEA), because efforts to conciliate this matter under Section 7(d) of the ADEA have been unsuccessful.

The fact that the Commission will take no further action does not affect your right to take legal action on your own behalf. You must file suit under the ADEA within ninety (90) days after receipt of this notice.

On Behalf of the Commission:

8/31/10
Date

for Webster N. Smith
Acting District Director

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
PATRICK V. McNAMARA BLDG., RM 865
DETROIT, MICHIGAN 48226

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE, $300

UNITED STATES POSTAGE
PITNEY BOWES
02 1A
0004628132
$ 00.44⁰
AUG 31 2010
MAILED FROM ZIP CODE 48226

NIXIE 482 4E 1 08 09/02/10
RETURN TO SENDER
ATTEMPTED - NOT KNOWN
UNABLE TO FORWARD
BC: 48226 *2284-15740-31-40

48223+1106

EEOC Form 5 (5/01)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To: Agency(ies) Charge No(s):

[ ] FEPA

[X] EEOC 471-2010-00229

Michigan Department Of Civil Rights and EEOC

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Dorothy Doniver-Oates | (313) 387-7517 | 11-17-1946 |

Street Address: 16871 Fielding St., Detroit, MI 48219 City, State and ZIP Code

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| FORD MOTOR COMPANY | 500 or More | (313) 484-8000 |

Street Address: 10300 Textile And Mckean Road, Ypsilanti, MI 48197 City, State and ZIP Code

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

Street Address City, State and ZIP Code

DISCRIMINATION BASED ON (*Check appropriate box(es).*)

[ ] RACE [ ] COLOR [ ] SEX [ ] RELIGION [ ] NATIONAL ORIGIN [ ] RETALIATION [X] AGE [ ] DISABILITY [ ] OTHER (*Specify below.*)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 01-05-2009 Latest: 01-30-2009

[ ] CONTINUING ACTION

THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s)*):

I began employment with the above named company on May 1, 1995. I was transferred to Visteon on June 1, 2000 and returned to Ford Motor Company on January 1, 2006.

On January 5, 2009 I was terminated as part of the company's SIRP reduction in force. I was the only Production Supervisor of Manufacturing in my plant selected for this reduction in force. The company retained four Production Supervisors in their 30s and one Production Supervisor who is 41 years old. I was a solid performer and I regularly performed above and beyond that which was expected of me. My discharge was effective January 30, 2009.

I believe that I was discharged due to my age, 62, in violation of the Age Discrimination in Employment Act of 1967, as amended.

DETROIT FIELD OFFICE 2009 OCT 26 A 11:15

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – *When necessary for State and Local Agency Requirements*

I declare under penalty of perjury that the above is true and correct.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

Oct 26, 2009 — Date

Charging Party Signature

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*)

10/26/09



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**DETROIT FIELD OFFICE**

477 MICHIGAN AVENUE
ROOM 865
DETROIT, MI 48226
(313) 226-4600
TTY (313) 226-7599
FAX: (313) 226-2778

January 27, 2011

Dorothy Doniver-Oates
2486 Somerset Blvd. #102.
Troy, MI 48084-4211

Re:     Section 83 No.: A11-02-0553
        Dorothty Doniver-Oates v Ford Motor Company

Dear Ms. Doniver-Oates:

Thank you for your request dated **Janurary 13, 2011** concerning charge number(s) **471-2010-00229**. You requested file disclosure under Section 83 of the Equal Employment Opportunity Commission's Compliance Manual.

The information you requested is enclosed.

If you have asked for the enclosed documents from your charge file before you have filed a lawsuit based on your charge, by accepting these documents you agree that you will use them only in conjunction with contemplated litigation and will only show them to the persons in a privileged relationship, such as a spouse, clergy, or medical, financial or legal advisor.

I can be reached at the number listed below or you can email your questions to: Beverly.Clark@eeoc.gov.

Sincerely,

Beverly Clark, Information Specialist
(313) 226-5016

Office Hours: Monday – Friday, 8:30 a.m. - 5:00 p.m.

January 12, 2011

Beverly Clark:
U.S. EEOC - Detroit Field Office
477 Michigan Avenue
Room 865
Detroit, MI 48226

**Re: Dorothy Doniver-Oates v. Ford Motor Company**
**Charge No: 471-2010-00229**

Ms. Clark:
My case has been discharged with the Commission taking no further action. Through advice from Darlene McFadden @ a written request from me:

**Please send me a thorough and inclusive file of all findings at discharge - ASAP.**

Since my correct address was an issue in late receipt of the discharge last year, please be advised of my change of address information, as follows:

From Old Address:
Dorothy Marie (M.). Doniver-Oates
16871 Fielding Street (15871 Fielding Street was never on record from me)
Detroit, Michigan 48219-3328
(313) 387-7517
*ddoniver@hotmail.com*

**To New Address:**
**Dorothy Marie (M.) Doniver-Oates**
**2486 Somerset Blvd #102**
**Troy, Michigan 48084-4211**
**(248) 792-9418**
***ddoniver@hotmail.com***

Thank You.

Regards,



**U.S. Equal Employment Opportunity Commission**
**Detroit Field Office**

477 Michigan Avenue
Room 865
Detroit, MI 48226
(313) 226-4600
TTY (313) 226-7599
Fax: (313) 226-2778

January 18, 2011

Dorothy M. Doniver-Oates
2486 Somerset Blvd #102
Troy, MI 48084-4211

Re: Section 83 No.: A11-02-0553
Dorothy Doniver-Oates v Ford Motor Company

Dear Ms. Oates:

Thank you for your request dated **January 13, 2011** concerning charge number(s) **471-2010-00229**. You requested file disclosure under Section 83 of the Equal Employment Opportunity Commission's Compliance Manual.

We have reviewed and are processing your request. We will notify you when it is ready.

If you have any questions in the interim, please call our Records Disclosure Coordinator at **(313) 226-5016** or fax them at **Fax: (313) 226-2778**. You may also email them at **Beverly.Clark@eeoc.gov**.

Sincerely,

Beverly Clark
File Disclosure Department

Office Hours: Monday – Friday, 8:30 a.m. - 5:00 p.m.

US EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
DETROIT DISTRICT OFFICE
477 MICHIGAN AVENUE, ROOM 865
DETROIT, MICHIGAN 48226-9704

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE, $300

UNITED STATES POSTAGE
PITNEY BOWES
02 1A
0004628132
$ 00.44[0]
JAN 06 2011
MAILED FROM ZIP CODE 48226

Dorothy M. Doniver-Oates
2486 Somerset Blvd. #102
Troy, MI
48084-4211

202

48084$4211 C021

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Detroit Field Office**

477 Michigan Avenue, Room 865
Detroit, MI 48226
Detroit Direct Dial: (313) 226-4600
TTY (313) 226-7599
FAX (313) 226-2778

November 19, 2009

Ms. Dorothy Doniver-Oates
16871 Fielding
Detroit, MI 48219

RE:   Dorothy Doniver-Oates vs Ford Motor Company
       Charge No.: 471-2010-00229

Dear Ms. Doniver-Oates:

The referenced charge has been assigned to me for investigation. The Respondent has 4 to 8 weeks to submit a Position Statement, which is a response to your allegations. When I receive the Position Statement, I will analyze the charge further before contacting you via telephone or correspondence for additional information and/or discussion.

Per EEOC's Priority Charge Handling Procedure (PCHP), the Commission reserves the right and has the authority to terminate the investigation of your charge at any time. Should the EEOC decide not to investigate your charge, you will be informed by letter and issued a Dismissal and Notice of Rights to you. This will allow you to proceed in federal court, within 90 days of receipt of the Dismissal and Notice of Rights.

If you have any questions feel free to call me at **(313) 226-4637** between the hours of 8:00 a.m. - 3:00 p.m., Monday-Friday. If you feel the need to see me in person, call first so that an appointment may be arranged, if needed.

Sincerely,

*Antoinette Coburn*

Antoinette Coburn
Federal Investigator

EEOC Form 212-A (3/98)

# U.S. Equal Employment Opportunity Commission

TO: **Michigan Department Of Civil Rights**
**3054 W. Grand Blvd.**
**Suite 3-600**
**Detroit, MI 48202**

Date **October 30, 2009**
EEOC Charge No. **471-2010-00229**
FEPA Charge No.

CHARGE TRANSMITTAL

SUBJECT:

**Dorothy Doniver-Oates** v. **FORD MOTOR COMPANY**
*Charging Party* *Respondent*

Transmitted herewith is a charge of employment discrimination initially received by the:

[X] EEOC [ ] ________ *Name of FEPA* on **Oct 26, 2009** *Date of Receipt*

[X] Pursuant to the worksharing agreement, this charge is to be initially investigated by the EEOC.

[ ] Pursuant to the worksharing agreement, this charge is to be initially investigated by the FEPA.

[ ] The worksharing agreement does not determine which agency is to initially investigate the charge.

[ ] EEOC requests a waiver [ ] FEPA waives

[ ] No waiver requested [ ] FEPA will investigate the charge initially

*Please complete the bottom portion of this form to acknowledge the receipt of the charge and, where appropriate, to indicate whether the Agency will initially investigate the charge.*

| Typed Name of EEOC or FEPA Official | Signature/Initials |
|---|---|
| **Danny G. Harter** | Danny G. Harter |

**Dorothy Doniver-Oates** v. **FORD MOTOR COMPANY**
*Charging Party* *Respondent*

TO WHOM IT MAY CONCERN:

[ ] This will acknowledge receipt of the referenced charge and indicate this Agency's intention to initially investigate the charge.

[ ] This will acknowledge receipt of the referenced charge and indicate this Agency's intention not to initially investigate the charge.

[ ] This will acknowledge receipt of the referenced charge and request a waiver of initial investigation by the receiving agency.

[ ] This will acknowledge receipt of the referenced charge and indicate this Agency's intention to dismiss/close/not docket the charge for the following reasons:

| Typed Name of EEOC or FEPA Official | Signature/Initials |
|---|---|
| **Kelvin W. Scott** | |

TO: **Detroit Field Office**
**477 Michigan Avenue**
**Room 865**
**Detroit, MI 48226**

Date **October 30, 2009**
EEOC Charge No. **471-2010-00229**
FEPA Charge No.

EEOC FORM 131 (5/01)

# U.S. Equal Employment Oppo[r]tunity Commission

Mr. Richard Gross
HR Director - EEO Director
FORD MOTOR COMPANY
The American Road
P. O. Box 1899 - Room 125
Dearborn, MI 48121

PERSON FILING CHARGE

**Dorothy Doniver-Oates**

THIS PERSON *(check one or both)*

[X] Claims To Be Aggrieved

[ ] Is Filing on Behalf of Other(s)

EEOC CHARGE NO.

**471-2010-00229**

## NOTICE OF CHARGE OF DISCRIMINATION

*(See the enclosed for additional information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

[ ] Title VII of the Civil Rights Act
[ ] The Americans with Disabilities Act
[X] The Age Discrimination in Employment Act
[ ] The Equal Pay Act

The boxes checked below apply to our handling of this charge:

1. [ ] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [X] Please provide by **16-NOV-09** a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [ ] Please respond fully by to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [X] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by **09-NOV-09** to **Charmin Talley-Houie, ADR Coordinator, at (313) 226-4601**
If you DO NOT wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

**Marcia L. Hyatt,**
**Enforcement Supervisor**
*EEOC Representative*

*Telephone* **(313) 226-2290**

**Detroit Field Office**
**477 Michigan Avenue**
**Room 865**
**Detroit, MI 48226**

Enclosure(s): [X] Copy of Charge

CIRCUMSTANCES OF ALLEGED DISCRIMINATION

[ ] RACE [ ] COLOR [ ] SEX [ ] RELIGION [ ] NATIONAL ORIGIN [X] AGE [ ] DISABILITY [ ] RETALIATION [ ] OTHER

**See enclosed copy of charge of discrimination.**

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| October 26, 2009 | Danny G. Harter, Director | |

# ADEA Group Information Notification – SIRP
## GSR Employees
## Affected Employees of Mfg_Jan2009_RCP_ProdSupv

**General:** You are within the decisional unit identified above that management has determined requires personnel reductions to meet salary cost tasks and have been informed that your employment is to be terminated under the Salaried Involuntary Reduction Process ("SIRP"). As a result of your termination under SIRP, you will be eligible for benefits under the Salaried Income Security Plan ("SISP") if you sign a waiver of legal claims, including claims under the Age Discrimination in Employment Act ("ADEA").

The Company is legally required to give you this ADEA Group Information Notification because it requires a waiver of legal claims as a condition to receiving SISP Benefits. The following describes the selection criteria for employees who are being terminated under SIRP in your decisional unit.

**Selection Criteria:** General Salary Roll employees in the unit are selected for separation in accordance with SIRP. SIRP applies to salaried active full-time and Transitional Work Arrangement U.S. Employees who are within the decisional unit. Employees in the unit with critical skills as determined by their relevant managers are exempt from the SIRP, with a limit of 10%. Also, at management discretion, employees who do not have a 2008 Performance Contribution Assessment may be excluded from SIRP.

All other employees within the decisional unit will be evaluated for possible separation based on the criteria of 2008 Performance Contribution Assessment if one exists. Those employees with a 2008 Performance Contribution Assessment of Unsatisfactory or Satisfactory Minus will be selected for separation first. Next, employees with no 2008 Performance Contribution Assessment who were not otherwise excluded from SIRP at management discretion will be selected for separation on the basis of Ford Service Date with the employee with the lowest service separated first. Finally, the balance of employees required to meet the salaried cost task will be selected for separation based on their 2008 Performance Contribution Assessment from lowest to highest. The ranking of Performance Contribution Assessment from lowest to highest is Unsatisfactory/Satisfactory Minus, Satisfactory, Satisfactory Plus, Excellent, Excellent Plus 3, Excellent Plus 2, Excellent Plus 1 and Outstanding.

In applying the criteria above, if employees have identical or equivalent 2008 Performance Contribution Assessments, Ford Service Date will be used to determine selection with the lowest service employees separated first. If employees have the same Ford Service Date, the employee with the lowest last four digits of their Social Security number will be separated first. You must be an employee in good standing as of the last day of employment to receive an SISP Benefit.

**Program Dates:** Your last day worked will be the date you receive notification that you are being terminated under SIRP. Your employment termination date will be the last calendar day of the month in which you are notified. You have 45 calendar days from your last day worked to consider signing the Waiver and Release Agreement. After the Waiver and Release Agreement is signed, you will have seven calendar days (15 calendar days in Minnesota) to revoke it.

**Informational Requirements:** The Company is legally required to inform you of the attached information which lists the number of employees in your decisional unit selected for and not selected for SIRP by age and classification. The attached notice was prepared as of Janaury 5, 2009.

* Ages as of 12/31/2008

## Affected Employees of: Mfg_Jan2009_RCP_ProdSupv

| Classification | Age* 62 | 61 | 60 | 59 | 58 | 57 | 56 | 55 | 54 | 53 | 52 | 51 | 50 | 49 | 48 | 47 | 46 | 45 | 44 | 43 | 42 | 41 | 40 | 39 | 38 | 37 | 36 | 35 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Manufacturing Advisor -- Prod - 07 (001-001) - Selected | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Manufacturing Advisor -- Prod - 07 (001-001) - Not Selected | | | | | 1 | | | | | | | | | 2 | 1 | | | 1 | | 1 | | | 1 | 1 | 1 | | | |
| Supv-Vehicle Assembly Opns - 06 (001-001) - Selected | 1 | | | | | | | | | | | | | | | | | | | | | | | | | | | |

***Affected Employees of:***
***Mfg_Jan2009_RCP_ProdSupv***

| | Age* | | | | | | | | | | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Classification | 62 | 61 | 60 | 59 | 58 | 57 | 56 | 55 | 54 | 53 | 52 | 51 | 50 | 49 | 48 | 47 | 46 | 45 | 44 | 43 | 42 | 41 | 40 | 39 | 38 | 37 | 36 | 35 |
| Supv-Vehicle Assembly Opns - 06 (001-001) - Not Selected | | | | | | | | | | | | | | | | | | | | | | 1 | | | | 1 | 2 | 1 |

EEOC Form 5 (5/01)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To: [ ] FEPA [X] EEOC

Agency(ies) Charge No(s): 471-2010-00229

Michigan Department Of Civil Rights and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| Ms. Dorothy Doniver-Oates | (313) 387-7517 | 11-17-1946 |

| Street Address | City, State and ZIP Code |
|---|---|
| 16871 Fielding St., Detroit, MI 48219 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| FORD MOTOR COMPANY | 500 or More | (313) 484-8000 |

| Street Address | City, State and ZIP Code |
|---|---|
| 10300 Textile And Mckean Road, Ypsilanti, MI 48197 | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

[ ] RACE [ ] COLOR [ ] SEX [ ] RELIGION [ ] NATIONAL ORIGIN
[ ] RETALIATION [X] AGE [ ] DISABILITY [ ] OTHER *(Specify below.)*

DATE(S) DISCRIMINATION TOOK PLACE

| Earliest | Latest |
|---|---|
| 01-05-2009 | 01-30-2009 |

[ ] CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I began employment with the above named company on May 1, 1995. I was transferred to Visteon on June 1, 2000 and returned to Ford Motor Company on January 1, 2006.

On January 5, 2009 I was terminated as part of the company's SIRP reduction in force. I was the only Production Supervisor of Manufacturing in my plant selected for this reduction in force. The company retained four Production Supervisors in their 30s and one Production Supervisor who is 41 years old. I was a solid performer and I regularly performed above and beyond that which was expected of me. My discharge was effective January 30, 2009.

I believe that I was discharged due to my age, 62, in violation of the Age Discrimination in Employment Act of 1967, as amended.

2009 ... DETROIT ... OFFICE ... A 11:15

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – *When necessary for State and Local Agency Requirements*

I declare under penalty of perjury that the above is true and correct.

Oct 26, 2009 — [signature]

*Date* — *Charging Party Signature*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT [signature]

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)*

10/26/09 [signature]

## EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## INTAKE QUESTIONNAIRE

Please immediately complete the entire form and return it to the U.S. Equal Employment Opportunity Commission ("EEOC"). **REMEMBER**, a charge of employment discrimination must be filed within the time limits imposed by law, generally within 180 days or in some places 300 days of the alleged discrimination. Upon receipt, this form will be reviewed to determine EEOC coverage. **Answer all questions as completely as possible, and attach additional pages if needed to complete your response(s). If you do not know the answer to a question, answer by stating "not known." If a question is not applicable, write "n/a." Please Print.**

**1. Personal Information**

Last Name: Doniver-Oates First Name: Dorothy MI: M.

Street or Mailing Address: 16871 Fielding Street Apt Or Unit #: n/a

City: Detroit County: Wayne State: MI ZIP: 48219

Phone Numbers: Home: ( 313 ) 387-7517 Work: ( ) n/a

Cell: ( 313 ) 308-5309 please call h/# Email Address: ddoniver@hotmail.com

Date of Birth: 11/17/1946 Sex: Male Female: X Do You Have a Disability? Yes ☐ No ☒

**Please answer each of the next three questions.** i. Are you Hispanic or Latino? Yes ☐ No ☒

ii. What is your Race? Please choose all that apply. ☐ American Indian or Alaska Native ☐ Asian ☒ Black or African American ☐ Native Hawaiian or Other Pacific Islander ☐ White

iii. What is your National Origin? Citizen USA

**Provide The Name Of A Person We Can Contact If We Are Unable To Reach You:**

Name: Deborah M. Oates Relationship: Daughter

Address: 333 East Parent Ave City: Royal Oak State: MI Zip Code: 48067

Home Phone: ( 313 ) 595-6411 Other Phone: ( ) n/a

**I believe that I was discriminated against by the following organization(s): (Check those that apply)**

Employer X Union Employment Agency Other (Please Specify)

**2. Organization Contact Information**

**Organization #1 Name:** Ford Motor Company WHQ

**Address:** 16800 Executive Plaza Drive **County:** Wayne

**City:** Dearborn **State:** MI **Zip:** 48126 **Phone:** ( 313 ) 322-3000

**Type of Business:** OEM Automotive Job Location if different from Org. Address: 10300 Textile Rd Ypsilanti MI 48197

**Human Resources Director or Owner Name:** unknown @ WHQ **Phone:** 313 322-3000

**Number of Employees in the Organization at All Locations:** Please Check (√) One

Less Than 15 ☐ 15 - 100 ☐ 101 - 200 ☐ 201 - 500 ☐ More 500 ☒

**Organization #2 Name:** Ford Motor Company - Power Train Operations - Rawsonville Plant

**Address:** 10300 Textile & McKean Roads **County:** Washtenaw

**City:** Ypsilanti **State:** Mi **Zip:** 48197 **Phone:** ( 734 ) 784-8626

2009 OCT 26 DETROIT DISTRICT OFFICE EEOC

**Type of Business:** Auto Supplier Job Location if different from Org. Address: same as #2

**Human Resources Director or Owner Name:** Robert (Bob) Brewster **Phone:** 734 484-9094

**Number of Employees in the Organization at All Locations:** Please Check (√) One

Less Than 15 ☐ 15 - 100 ☐ 101 - 200 ☐ 201 - 500 ☐ More 500 ☒

3. **Your Employment Data** (Complete as many items as you can)

(a) Original FMC 5/1/1995 (b) To Visteon Corp 6/1/2000

Date Hired: (c) Back to FMC 1/1/2006 Job Title At Hire: Production Supervisor - Manufacturing

Pay Rate When Hired: Last or Current Pay Rate: $87,977.50yr / $3,383.75 bi-wkly

Job Title at Time of Alleged Discrimination: Production Supervisor - Manufacturing

Name and Title of Immediate Supervisor: Raymond W. Carravallah - Superintendent

**If Applicant, Date You Applied for Job** n/a **Job Title Applied For** n/a

4. **What is the reason (basis) for your claim of employment discrimination?**

*FOR EXAMPLE, if you are over the age of 40 and feel you were treated worse than younger employees* ***or*** *you have other evidence of discrimination, you should check (√)* **AGE.** *If you feel that you were treated worse than those not of your race* ***or*** *you have other evidence of discrimination, you should check (√)* ***RACE.*** *If you feel the adverse treatment was due to multiple reasons, such as your sex, religion and national origin, you should check all three. If you complained about discrimination, participated in someone else's complaint or if you filed a charge of discrimination and a negative action was threatened or taken, you should check (√)* ***RETALIATION.***

Race ☐ Sex ☐ Age ☒ Disability ☐ National Origin ☐ Color ☐ Religion ☐ Retaliation ☐ Pregnancy ☐

Other reason (basis) for discrimination (Explain). n/a

5. **What happened to you that you believe was discriminatory? <u>Include the date(s) of harm, action(s) and include the name(s) and title(s) of the persons who you believe discriminated against you</u>. (Example: 10/02/06 - Written Warning from Supervisor, Mr. John Soto)**

A) Date: 1/30/2009 Action: @ 7:00am Suddenly FIRED by Area-A Manager, William H. Tiedeman

Read verbatim 'SIRP' script prepared on January 5, 2009 based on 2008 Performance Review due FMC WHQ by 12/31/2008.

Name and Title of Person(s) Responsible: Entire Rawsonville Plant Operating Committee ( names listed Attach #5-A)

B) Date: 1/5/2009 Action: ONLY person selected to be FIRED for 'SIRP' by Age and Classification based on data prepared January 5, 2009 with my Age *62 years listed on a graph with others in my classification NOT selected

Name and Title of Person(s) Responsible: w/those listed Attach #5-A, All unknown responsible FMC-WHQ who selected me

Describe any other actions you believe were discriminatory.

1/8/2009 Thursday @ 3:30pm - William H. Tiedeman (White Male @50) - Area-A Manager: Gave me a direct order to report 5:30am Friday 1/9/09 at the Human Resources Jobs Bank Building and see Gregory Branch. That Branch, a production supervisor, was moving to Van Dyke Transmission Plant, I would take his place. He gave no rhyme or reason, only said "had to choose, I chose you". I believe Tiedeman knew then I would be fired 1/30/2009 and DID NOT try to save me.

1/12/2009 - Chris E. Obudzinski (White Male @35) - Salaried Personnel Rep: Saw Obudzinski, inquired about sudden move out dictated by Tiedeman. Told him I believed I was kicked out so someone else could replace me since Area-A was protected from future cuts. He said "not to fear" he had a job for me in "new production area". I believe Obudzinski lied and also knew I was to be fired 1/30/2009 and DID NOT try to find me a "SAFE" job anywhere in or out of plant.

(See Attach #5 -C/D/E etc)

**(Attach additional pages if needed to complete your response.)**

6. **What reason(s) were given to you for the acts you consider discriminatory? By whom? Title?**
(See Attach #6-All)

7. **Name and describe others who were in the same situation as you. Explain any similar or different treatment. Who was treated worse, who was treated better, and who was treated the same? Provide race, sex, age, national origin, religion, and/or disability status of comparator if known and if connected with your claim of discrimination. Add additional sheets if needed.**

| Full Name | Job Title | Description |
|---|---|---|
| 1. (See Attach #7-All) | | |
| 2. | | |
| 3. | | |

**Answer questions 8-10 only if you are claiming discrimination based on disability. If not, skip to question 11.**

N/A | ALL

8. **Please check all that apply:**
   - ☐ Yes, I have an actual disability
   - ☐ I have had an actual disability in the past
   - ☐ No disability but the organization treats me as if I am disabled

9. **If you are alleging discrimination because of your disability, what is the name of your disability? How does your disability affect your daily life or work activities, e.g., what does your disability prevent or limit you from doing, if anything? (Example: lifting, sleeping normally, breathing normally, pulling, walking, climbing, caring for yourself, working, etc.).**

10. **Did you ask your employer for any assistance or change in working condition because of your disability?**
**Yes** ☐ **No** ☐

**Did you need this assistance or change in working condition in order to do your job?**
**Yes** ☐ **No** ☐

**If "YES", when?** ________ **To whom did you make the request? Provide full name of person** ________ **How did you ask (verbally or in writing)?** ________

**Describe the assistance or change in working condition requested?**

**11. Are there any witnesses to the alleged discriminatory incidents? If yes, please identify them below and indicate what they will say. Add additional pages if necessary.**

| | NAME | JOB TITLE | ADDRESS & PHONE NUMBER |
|---|---|---|---|
| A. | ( See Attach #11-All) | | |
| B. | ( See Attach #11-All) | | |
| C. | ( See Attach #11-All) | | |

**12. Have you filed a charge previously in this matter with EEOC or another agency?** **Yes** ☐ **No** ☒

**13. If you have filed a complaint with another agency, provide name of agency and date of filing:**
n/a

**14. Have you sought help about this situation from a union, an attorney, or any other source?**

**Yes** ☒ **No** ☐ - If yes, from whom and when? Provide name of organization, name of person you spoke with and date of contact. Results, if any?
(See Attach #14-All)

Please check one of the boxes below to tell us what you would like us to do with the information you are providing on this questionnaire. If you would like to file a charge of job discrimination, you must do so within either 180 or 300 days from the day you knew about the discrimination. The amount of time you have depends on whether the employer is located in a place where a state or local government agency has laws similar to the EEOC's laws. **If you do not file a charge of discrimination within the time limits, you will lose your rights. If you want to file a charge, you should check Box 1, below. If you would like more information before deciding whether to file a charge or you are worried or have concerns about EEOC's notifying the employer, union, or employment agency about your filing a charge, you may wish to check Box 2, below.**

Box 1

☒ I want to file a charge of discrimination, and I authorize the EEOC to look into the discrimination I described above. I understand that **the EEOC must give the employer, union, or employment agency that I accuse of discrimination information about the charge, including my name.** I also understand that the EEOC can only accept charges of job discrimination based on race, color, religion, sex, national origin, disability, age, or retaliation for opposing discrimination.

Box 2

☐ I want to talk to an EEOC employee before deciding whether to file a charge of discrimination. I understand that by checking this box, I have not filed a charge with the EEOC. I also understand that I could lose my rights if I do not file a charge in time.



Signature

Today's Date

**PRIVACY ACT STATEMENT:** This form is covered by the Privacy Act of 1974: Public Law 93-579. Authority for requesting personal data and the uses thereof are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Intake Questionnaire (9/20/08).
2. **AUTHORITY.** 42 U.S.C. § 2000e-5(b), 29 U.S.C. § 211, 29 U.S.C. § 626. 42 U.S.C. 12117(a)
3. **PRINCIPAL PURPOSE.** The purpose of this questionnaire is to solicit information about claims of employment discrimination, determine whether the EEOC has jurisdiction over those claims, and provide charge filing counseling, as appropriate. Consistent with 29 CFR 1601.12(b) and 29 CFR 1626.8(c), this questionnaire may serve as a charge if it meets the elements of a charge.
4. **ROUTINE USES.** EEOC may disclose information from this form to other state, local and federal agencies as appropriate or necessary to carry out the Commission's functions, or if EEOC becomes aware of a civil or criminal law violation. EEOC may also disclose information to respondents in litigation, to congressional offices in response to inquiries from parties to the charge, to disciplinary committees investigating complaints against attorneys representing the parties to the charge, or to federal agencies inquiring about hiring or security clearance matters
5. **WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION.** The providing of this information is voluntary but the failure to do so may hamper the Commission's investigation of a charge of discrimination. It is not mandatory that this form be used to provide the requested information.



**U.S. Equal Employment Opportunity Commission**
**Detroit Field Office**

477 Michigan Avenue
Room 865
Detroit, MI 48226
(313) 226-4600
TTY (313) 226-7599
FAX (313) 226-4610

October 26, 2009

**AGREEMENT TO MEDIATE**

EEOC NUMBER: 471-2010-00229

Charging Party: Dorothy Doniver-Oates
Respondent: FORD MOTOR COMPANY

This is an agreement by the parties to participate in a mediation involving Dorothy Doniver-Oates and FORD MOTOR COMPANY in the above referenced charge. The parties understand that mediation is a voluntary process, which may be terminated at any time.

The parties and, if they desire, their representatives and/or attorneys, are invited to attend a mediation session. No one else may attend without the permission of the parties and the consent of the mediator(s).

The mediator(s) will not function as the representative of either party. However, the mediator(s) may assist the parties in crafting a settlement agreement. Each party acknowledges being advised to seek independent legal review prior to signing any settlement agreement.

The Parties acknowledge that they have received a copy of the Mediation Fact Sheet.

The parties acknowledge that the mediator(s) possesses the discretion to terminate the mediation at any time if an impasse occurs or either party or the mediator deems the case inappropriate for mediation.

The parties recognize that mediation is a confidential process and agree to abide by the terms of the attached Confidentiality Agreement.

The parties acknowledge that if a settlement is reached as a result of the mediation, the assigned mediator(s) is required to report to EEOC any benefits received. This information is reported only for purposes of providing aggregate data to the EEOC for Mediation program evaluation purposes, and the individual terms of the agreement will not be disclosed to the public.

Dorothy M. Doniver-Oates 10/26/2009

| | | | |
|---|---|---|---|
| Charging Party | Date | Respondent | Date |
| Charging Party Representative | Date | Respondent Representative | Date |

# 2009 Salaried Involuntary Reduction Process
# Waiver and Release Agreement
# Group Program

Name: DOROTHY DONIVER-OATES Global I.D. or CDS I.D.: 176831

1. **Election of SISP Benefits**

I have been informed that my employment is to be terminated under the Salaried Involuntary Reduction Process ("SIRP"). I have received a written brochure summary of the benefits available to me as a result of my termination under SIRP that I have read and understood. I understand that as a result of my termination under SIRP, I will be eligible for benefits under the Salaried Income Security Plan ("SISP Benefits") if I sign this Waiver and Release Agreement ("Agreement"). I have had an opportunity to ask questions about my benefits and to review this Agreement with my lawyer. I elect SISP Benefits in exchange for this Agreement.

2. **Release of Employment Claims**

In consideration of the SISP Benefits, I waive and release any and all rights or claims of any kind I may have, or my heirs, executors, agents or assigns may have, against Ford Motor Company, its affiliates or subsidiaries (collectively, the "Company"), their respective officers, agents or employees in their individual or fiduciary capacities, and the employee benefit plans sponsored by the Company ("Employee Benefit Plans"), (collectively, the "Released Parties") as of the date that I sign this Agreement. This waiver and release includes, but is not limited to, any and all rights or claims, whether known or unknown, I may have under the Age Discrimination In Employment Act ("ADEA") and any other federal, state or local civil rights laws or regulations, or any common law actions relating to employment, employment discrimination, or separation of my employment. This includes, but is not limited to, any claims for breach of employment contract, either express or implied, defamation, slander, libel, wrongful discharge, constructive discharge or tort-based claims, including but not limited to, intentional infliction of emotional distress. I understand that I am releasing claims I may not know about now, but it is my specific knowing and voluntary intent to release those claims. Except as provided in Section 3 below, I agree not to start any proceedings of any kind against the Released Parties relating in any way to my employment or the separation of my employment and I agree to terminate any proceedings I may have begun and/or permanently withdraw from any I may be participating in involving the Released Parties.

3. **Rights or Claims That Survive**

I do not waive or release any rights or claims I may have that may arise after this Agreement is signed or if waiver and release of those claims is not permitted by law, such as workers' compensation claims or other claims in some states. I also do not waive and release any claims I may have against the Company for reimbursement of authorized expenses if the expense was incurred prior to my separation date. I do not waive or release any claims for SISP Benefits or any other Employee Benefit Plan except for claims that have been filed, or arise out of or relate in any way to claims that have been filed, in a court of competent jurisdiction as of the date I sign this Agreement. Rights or claims that the Company may have against me also survive. Nothing in this Agreement will be construed to affect the independent right and responsibility of the Equal Employment Opportunity Commission ("EEOC") or a state or local fair employment practices agency acting as an EEOC referral agency to enforce employment discrimination laws. Signing this Agreement will not interfere with my right to file a charge or participate in an investigation or proceeding conducted by the EEOC or the state or local agency as long as I do not seek any damages, remedies, or other relief for myself personally, which I promise not to do, and any right to which I specifically waive. It also will not affect my right to challenge the validity of this Agreement. However, I understand that unless a court invalidates this Agreement, I will have no right to recover damages against the Released Parties for my claims.

2009 Salaried Involuntary Reduction Process
Waiver and Release Agreement
Group Program

Name: DOROTHY DONIVER-OATES Global I.D. or CDS I.D.: 176831

4. **No Rights Under Past or Future Programs**

I may have been offered and rejected a termination incentive program in the past that provided for greater benefits than available under the SISP. I understand that benefits under any prior program are not available to me now. I also understand that the Company may adopt new termination programs providing benefits that may be more or less beneficial to me than SISP Benefits and I will not have any rights under any new programs.

5. **Post-Employment Benefits**

If I am eligible for post-employment benefits under the Company's benefit plans, I understand that those benefits will be offered to me on the same terms and conditions as other Company salaried employees terminating employment at the same time who share my eligibility characteristics. The benefits will be based only on service through my termination date. Any changes in those benefits will apply to me.

6. **Miscellaneous**

The SIRP brochure summary, SISP Benefits and this Agreement are not negotiable. I may not make any changes to this Agreement. If any other provision of this Agreement is found to be unenforceable, all other terms will remain fully enforceable. The laws of the State of Michigan shall govern this Agreement, notwithstanding any choice of law rules.

**I acknowledge that:**

- I have been advised in writing to consult with an attorney of my own choice (and not related to the Company) prior to signing this Agreement. The Company strongly recommends I do so;
- I have read and fully understand the meaning of each and every provision in this Agreement and the SISP Benefits;
- Unless I sign this Agreement, I will not be eligible for SISP Benefits;
- I must be an employee in good standing as of the date of my termination to receive SISP Benefits;
- I have not relied on any representations, promises or agreements of any kind made to me in connection with my decision to sign this Agreement except for those terms set forth in the written SIRP brochure summary and this Agreement;
- As required by federal law, I have been given a written notice that describes the class, unit or group of individuals in which I was included that is covered by the SIRP, the eligibility factors and time limits for the SIRP, and the ages and job classifications of all individuals within my class, unit or group who were selected for the SIRP and the ages and job classifications of all the individuals within my class, unit or group who were not selected for the SIRP. I have read and understood that notice;

2

**2009 Salaried Involuntary Reduction Process**
**Waiver and Release Agreement**
**Group Program**

**Name:** DOROTHY DONIVER-OATES **Global I.D. or CDS I.D.:** 176831

- I have been given at least 45 calendar days to consider this Agreement. I have used all or as much of that 45 calendar day period as I deemed necessary to consider fully this Agreement and, if I have not used the entire 45 day period, I waive that period not used; and

- I may revoke this Agreement within seven calendar days (15 calendar days in Minnesota) of the date I sign it, in which case I will not receive the SISP Benefits and will remain a terminated employee. This Agreement shall not become effective or enforceable until the revocation period has expired.

**By signing below, I acknowledge that I understand and voluntarily agree to all of the terms and conditions of this Agreement.**

**Employee's Signature** **Date**

Send Completed Form to:
National Employee Service Center
P.O. 6214
Dearborn, MI 48121
Attn: SIRP Coordinator

# ADEA Group Information Notification – SIRP
## GSR Employees
## Affected Employees of Mfg_Jan2009_RCP_ProdSupv

**General:** You are within the decisional unit identified above that management has determined requires personnel reductions to meet salary cost tasks and have been informed that your employment is to be terminated under the Salaried Involuntary Reduction Process ("SIRP"). As a result of your termination under SIRP, you will be eligible for benefits under the Salaried Income Security Plan ("SISP") if you sign a waiver of legal claims, including claims under the Age Discrimination in Employment Act ("ADEA").

The Company is legally required to give you this ADEA Group Information Notification because it requires a waiver of legal claims as a condition to receiving SISP Benefits. The following describes the selection criteria for employees who are being terminated under SIRP in your decisional unit.

**Selection Criteria:** General Salary Roll employees in the unit are selected for separation in accordance with SIRP. SIRP applies to salaried active full-time and Transitional Work Arrangement U.S. Employees who are within the decisional unit. Employees in the unit with critical skills as determined by their relevant managers are exempt from the SIRP, with a limit of 10%. Also, at management discretion, employees who do not have a 2008 Performance Contribution Assessment may be excluded from SIRP.

All other employees within the decisional unit will be evaluated for possible separation based on the criteria of 2008 Performance Contribution Assessment if one exists. Those employees with a 2008 Performance Contribution Assessment of Unsatisfactory or Satisfactory Minus will be selected for separation first. Next, employees with no 2008 Performance Contribution Assessment who were not otherwise excluded from SIRP at management discretion will be selected for separation on the basis of Ford Service Date with the employee with the lowest service separated first. Finally, the balance of employees required to meet the salaried cost task will be selected for separation based on their 2008 Performance Contribution Assessment from lowest to highest. The ranking of Performance Contribution Assessment from lowest to highest is Unsatisfactory/Satisfactory Minus, Satisfactory, Satisfactory Plus, Excellent, Excellent Plus 3, Excellent Plus 2, Excellent Plus 1 and Outstanding.

In applying the criteria above, if employees have identical or equivalent 2008 Performance Contribution Assessments, Ford Service Date will be used to determine selection with the lowest service employees separated first. If employees have the same Ford Service Date, the employee with the lowest last four digits of their Social Security number will be separated first. You must be an employee in good standing as of the last day of employment to receive an SISP Benefit.

**Program Dates:** Your last day worked will be the date you receive notification that you are being terminated under SIRP. Your employment termination date will be the last calendar day of the month in which you are notified. You have 45 calendar days from your last day worked to consider signing the Waiver and Release Agreement. After the Waiver and Release Agreement is signed, you will have seven calendar days (15 calendar days in Minnesota) to revoke it.

**Informational Requirements:** The Company is legally required to inform you of the attached information which lists the number of employees in your decisional unit selected for and not selected for SIRP by age and classification. The attached notice was prepared as of Janaury 5, 2009.

* Ages as of 12/31/2008

### Affected Employees of: Mfg_Jan2009_RCP_ProdSupv

| Classification | Age* 62 | 61 | 60 | 59 | 58 | 57 | 56 | 55 | 54 | 53 | 52 | 51 | 50 | 49 | 48 | 47 | 46 | 45 | 44 | 43 | 42 | 41 | 40 | 39 | 38 | 37 | 36 | 35 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Manufacturing Advisor - Prod - 07 (001-001) - Selected | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
| Manufacturing Advisor - Prod - 07 (001-001) - Not Selected | | | | | 1 | | | | | | | | | 2 | 1 | 1 | | 1 | | 1 | | | 1 | 1 | 1 | | | |
| Supv-Vehicle Assembly Opns - 06 (001-001) - Selected | 1 | | | | | | | | | | | | | | | | | | | | | | | | | | | |

***Affected Employees of:***
***Mfg_Jan2009_RCP_ProdSupv***

| | Age* | | | | | | | | | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Classification | 62 | 61 | 60 | 59 | 58 | 57 | 56 | 55 | 54 | 53 | 52 | 51 | 50 | 49 | 48 | 47 | 46 | 45 | 44 | 43 | 42 | 41 | 40 | 39 | 38 | 37 | 36 | 35 |
| Supv-Vehicle Assembly Opns - 06 (001-001) - Not Selected | | | | | | | | | | | | | | | | | | | | | | 1 | | | | 1 | 2 | 1 |

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

County in which action arose

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Dorothy Marie Doniver-Oates

**DEFENDANTS**
Ford Motor Company

(b) County of Residence of First Listed Plaintiff Oakland
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant Wayne
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
2486 Somerset Blvd. #102
Troy, MI 48084

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**
(For Diversity Cases Only)

Citizen of This State
Citizen of Another State
Citizen or Subject of a Foreign Country
☐ 6 ☐ 6

Case:5:11-cv-11434
Judge: O'Meara, John Corbett
MJ: Randon, Mark A.
Filed: 04-05-2011 At 01:21 PM
CMP DONIVER-OATES VS FORD MOTOR CO
(LH)

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):

Brief description of cause:
Suing former employee for unlawful violation of my civil righs, and age discrimination when they selected me for wrongful discharge.

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE DOCKET NUMBER

DATE
April 4, 2011

SIGNATURE OF ATTORNEY OF RECORD
Dorothy M. Doniver-Oates

**FOR OFFICE USE ONLY**

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE

PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed?

☐ Yes
☒ No

If yes, give the following information:

Court: ____________________

Case No.: ____________________

Judge: ____________________

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)

☐ Yes
☒ No

If yes, give the following information:

Court: ____________________

Case No.: ____________________

Judge: ____________________

Notes :