UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOROTHY DONIVER-OATES,

      Plaintiff,

v.

FORD MOTOR COMPANY,

      Defendant.
      _____/

Case No. 11-11434

Honorable John Corbett O'Meara

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO
STRIKE AND GRANTING DEFENDANT'S MOTION TO DISMISS**

Before the court is Defendant's June 8, 2011 motion to dismiss Plaintiff's complaint and Defendant's August 8, 2011 motion to strike portions of Plaintiff's brief in response to Defendant's motion to dismiss. Both motions have been fully briefed. For the reasons explained below, the court now denies Defendant's motion to strike and grants Defendant's motion to dismiss.

**BACKGROUND FACTS**

*Pro se* Plaintiff Dorothy Doniver-Oates ("Doniver-Oates") was formerly employed by Defendant Ford Motor Company ("Ford"). Doniver-Oates filed the present action for employment discrimination on April 5, 2011, under the Age Discrimination in Employment Act ("ADEA") and Title VII of the Civil Rights Act of 1964.

Doniver-Oates contends that she was discriminated against and ultimately terminated from employment with Ford because of her age. Doniver-Oates' termination was part of a company-wide reduction in force conducted in 2008 and 2009. On April 5, 2011, Doniver-Oates

filed both an application to proceed *in forma paureris* and an application for appointment of counsel along with her complaint. This court granted her application to proceed *in forma pauperis* and denied her application for appointment of counsel on May 12, 2011. Ford then filed the motions now before the court to dismiss the present action and strike portions of Doniver-Oates' opposition brief.

## LAW AND ANALYSIS

Ford's motion to dismiss Doniver-Oates' ADEA discrimination and retaliation claims is analyzed below. Separately, Ford's concomitant motion to strike portions of Doniver-Oates' response to the motion to dismiss has been fully briefed by both parties under seal. The Court has considered all of the pleadings in question and regards Ford's motion to strike as moot based on the result of this order to dismiss. To the extent that Ford is concerned about confidential or proprietary corporate information from Doniver-Oates' opposition brief being in the public domain, it has not adequately supported such position. The following analysis will thus focus only on the motion to dismiss.

### I.     Standard for Dismissal

A motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure seeks to have the complaint dismissed based upon the plaintiff's failure to state a claim upon which relief can be granted. The court must "accept all the ... factual allegations as true and construe the complaint in the light most favorable to the Plaintiff[ ]." *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (internal quotation marks omitted). "To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999) (internal quotation marks omitted).

"[E]ven though a complaint need not contain 'detailed' factual allegations, its 'factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.'" *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

## II.     Age Discrimination

Doniver-Oates complains that, under the ADEA, she was wrongfully discharged from employment with Ford on account of her age. Pl.'s Compl. at 5. However, the facts alleged by Doniver-Oates fail to establish any plausible casual nexus between her age and her firing as required to survive dismissal.

The ADEA bars an employer from discharging an employee "because of such individual's age." 29 U.S.C. § 623(a)(1). Work force reductions, however, are among "the most common legitimate reasons" for discharge and "[t]he mere termination of a competent employee when an employer is making cutbacks due to economic necessity is insufficient to establish a *prima facie* case of age discrimination." *Schoonmaker v. Spartan Graphics Leasing, LLC*, 595 F.3d 261, 265 (6th Cir. 2010) (citing *Barnes v. GenCorp Inc.*, 896 F.2d 1457, 1465 (6th Cir. 1990)); *LaGrant v. Gulf & W. Mfg. Co.*, 748 F.2d 1087, 1090-91 (6th Cir. 1984).

An employee terminated as part of work force reductions, like Doniver-Oates, must point to more specific, "impermissible reasons" that they were "singled out" for discharge. *Barnes*, 896 F.2d at 1465. For example, Doniver-Oates might establish a *prima facie* case by showing that she was better qualified than the younger co-workers retained in her place or that Ford "made statements indicative of a discriminatory motive." *Id*. "The guiding principle is that the evidence must be sufficiently probative to allow a fact-finder to believe that the employer

intentionally discriminated against the plaintiff because of age." *Id*. It is insufficient though to allege no more than "the fact of an age differential." *Schoonmaker*, 595 F.3d at 267.

Here, Doniver-Oates has failed to allege more than a mere age differential. Her complaint provides, in relevant part:

> On January 5, 2009, I was terminated as part of the company's SIRP reduction in force. I was the only Production Supervisor of Manufacturing in my plant selected for this reduction in force. The company retained four Production Supervisors in their 30s and one Production Supervisor who is 41 years old. I was a solid performer and I regularly performed above and beyond that which was expected of me. My discharge was effective January 30, 2009.
>
> I believe that I was discharged due to my age, 62, in violation of the Age Discrimination in Employment Act of 1967, as amended.

Pl.'s Compl. at 5. Nowhere in the rest of the pleadings, including her response, does Doniver-Oates allege anything further which might support an inference that she was fired *because* of her age. She does not allege that she was better qualified than the retained production supervisors or that Ford made remarks showing a discriminatory intent. Assuming all of Doniver-Oates' allegations to be true, the facts do not rise beyond her speculation that she was fired on account of her age. Thus, she has failed to state a claim under the ADEA sufficient to survive dismissal.

**III.    Retaliation**

Doniver-Oates also claims that her firing was an unlawful retaliation. Pl.'s Compl. at 2. However, her claim is improper here on procedural grounds because she failed to exhaust administrative remedies. Plaintiffs may not file civil actions under the ADEA "until 60 days after a charge alleging unlawful discrimination has been filed with the [EEOC]." 29 U.S.C. § 626(d)(1). Doniver-Oates did not raise the claim of retaliation in her EEOC complaint. *See* Pl.'s Compl. at 5. And the Sixth Circuit has specifically held that retaliation claims are procedurally barred when based on conduct which, like here, occurred before but were not raised in a

subsequent EEOC complaint. *Abeita v. Transamerica Mailings Inc*., 159 F.3d 246, 254 (6th Cir. 1998).

Doniver-Oates does not, and indeed cannot, base her retaliation claim on the EEOC complaint, which she filed *after* her termination from Ford.[1] Instead, she points to events which transpired before her firing, simply alleging that she was retaliated against and that there was "untruthful" information in her 2008 performance review. Pl.'s Compl. at 2. Her claim is therefore barred on procedural grounds because it is based on events that occurred before her EEOC complaint, yet it was not raised in her EEOC complaint.

Moreover, even if Doniver-Oates' retaliation claim was procedurally proper here, it would fail substantively. She cites workplace disputes and her own objections to what she believes were unfair or inaccurate assessments of her performance. Def.'s Resp. at 21-25. These alleged facts, however, do not constitute protected activity as required to establish a *prima facie* retaliation claim under the ADEA because they were not a "sufficiently clear and detailed for a reasonable employer to understand . . . as an assertion of rights protected by the statute and a call for their protection." *Kasten v. Saint-Gobain Performance Plastics Corp.*, __ U. S. __; 131 S. Ct. 1325, 1335; 179 L.Ed.2d 379 (2011). "In order to receive protection under the ADEA, a plaintiff's expression of opposition must concern a violation of the ADEA." *Fox v. Eagle Distrib. Co.,* 510 F.3d 587, 591 (6th Cir. 2007) (citing *Booker v. Brown & Williamson Tobacco Co.,* 879 F.2d 1304, 1313 (6th Cir. 1989)).

---

[1] *See* Pl.'s Compl. at 5 (October 26, 2009 EEOC complaint filed after January 30, 2009 termination).

5

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that Defendant's August 8, 2011 motion to strike is DENIED and Defendant's June 8, 2011 motion to dismiss is GRANTED.


Date: January 24, 2012					s/John Corbett O'Meara
							United States District Judge



I hereby certify that on January 24, 2012 a copy of this order was served upon the parties of record using the ECF system.

							s/John Corbett O'Meara
							United States District Judge